UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| BRIAN TERWILLEGER, | CASE NO. C17-5624 RJB |
|---|---|
| Plaintiff, | ORDER DENYING APPLICATION TO PROCEED IFP, DISMISSING CASE, AND STRIKING APPLICATION FOR COURT APPOINTED COUNSEL AND OTHER MOTION |
| v. | |
| RONNIE A SORIANO, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* ("IFP") (Dkt. 1) and Application for Court Appointed Counsel (Dkt. 1-10), and motion for the service of process (Dkt. 1-11). The Court has considered the applications, motion, relevant record, and the remainder of the file herein.

On August 2, 2017, Plaintiff filed a proposed civil complaint, an application to proceed IFP, that is, without paying the filing fee for a civil case, an application for the Court to appoint him counsel, and a motion for the Clerk of the Court to serve this case. Dkts. 1, 1-2, 1-10 and 1-11.

**Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §

1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). A district court may deny leave to proceed IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998) (*quoting Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987)). Accordingly, the proposed complaint should be reviewed before a decision is made on Plaintiff's IFP application.

**Review of the Complaint and Other Related Cases.** The Court has carefully reviewed the proposed complaint in this matter. Because Plaintiff filed this complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

The proposed complaint is entitled "Civil Rights Complaint under 42 U.S.C. § 1983," and asserts that Plaintiff's trial counsel (Defendant Ronnie Soriano) in an ongoing state criminal proceeding "made conscientious decisions not asserting [Plaintiff's] position." Dkt. 1-1, at 3. Plaintiff maintains that Mr. Soriano "did not defend the proceeding," "explore every element," or make "any efforts to expedite litigation." *Id.* Plaintiff asserts that Mr. Soriano engaged in fraud, was incompetent, careless, and did nothing about the "spoliation of evidence while abusing process." *Id.* Plaintiff alleges Mr. Soriano "failed to perform due diligence" and "violated [Plaintiff's] constitutional rights." *Id.* He maintains that he showed Mr. Soriano that Plaintiff "was competent in conversation and in letters to the superior court on more than 10 different occasions." *Id.* Plaintiff asserts that Mr. Soriano did not file any of his motions and did not call certain witnesses from Columbia Mental Health Plaintiff wanted to call to show he has

ORDER DENYING APPLICATION TO PROCEED
IFP, DISMISSING CASE, AND STRIKING
APPLICATION FOR COURT APPOINTED
COUNSEL AND OTHER MOTION- 2

[posttraumatic stress disorder] and [traumatic brain injury]. *Id.* Plaintiff seeks to have Grays Harbor County case number 16-1-408-6 dismissed or removed from Grays Harbor County to federal district court in Tacoma. *Id.,* at 4. Plaintiff is also seeking Mr. Soriano's disbarment/suspension from the Washington State Bar, damages, and an "injunction keeping [G]ray's [H]arbor [C]ounty from any further proceedings including sentencing for a minimum of 90 days." *Id.*

This is the fourth case Plaintiff filed over the last few months. In the first, *Terwilleger v. State of Washington and Grays Harbor County,* Western District of Washington case number 17-5360 RJB, Plaintiff's proposed complaint was a mixed petition; that is, it challenged the fact or duration of a past criminal conviction, (or attempted to raise issues regarding current criminal proceedings), and challenged conditions of Plaintiff's confinement at the Grays Harbor County Jail. *Terwilleger v. State of Washington, et. al.*, Western District of Washington case number 17-5360 RJB, Dkt. 10. Plaintiff was informed that he could not raise all these claims together in the same case and was given an opportunity to file a proposed amended complaint to clarify whether he intended to procced with the case as a habeas corpus proceeding or a conditions of confinement case. *Terwilleger v. State of Washington, et. al.*, Western District of Washington case number 17-5360 RJB, Dkt. 10. Although he filed a proposed amended complaint, he continued to assert both types of claims. *Terwilleger v. State of Washington, et. al.*, Western District of Washington case number 17-5360 RJB, Dkt. 10. So, on July 24, 2017, the case was dismissed and his pending motions were stricken. *Terwilleger v. State of Washington, et. al.*, Western District of Washington case number 17-5360 RJB, Dkt. 10.

Three days later, on July 27, 2017, Plaintiff filed the second case, *Terwilleger v. State of Washington, Department of Assigned Counsel, and Grays Harbor County Sheriff/Jail/Court,* Western District of Washington case number 17-5580 RJB. Plaintiff's proposed complaint in that case provided:

> [He is] asking for a redress of grievances. [He] previously in Grays Harbor County Sherriffs [sic] Office/Jail filed many grievances and grievance appeal. [He] extinguished all existing ave. and [is] now moving forward on claims and concerns in grievance and grievance appeal many other issues arise from these claims.

*Terwilleger v. State of Washington, Department of Assigned Counsel, and Grays Harbor County Sheriff/Jail/Court,* Western District of Washington case number 17-5580 RJB Dkt. 1-1. He named as Defendants: "State of Washington Department of Assigned Counsel Grays Harbor County Sherriff/Jail/Court." *Id.* In the section of the proposed complaint entitled "Relief," in that case, Plaintiff stated that he sought an "injunction and [he is] asking for the federal district court in Tacoma to put a stay on [his] current case in Grays Harbor County Case # [no number is listed] and or grant a change of venu [sic] to have case moved to federal distric [sic] court Tacoma." *Id.*, at 4. Plaintiff also stated that he is "seeking an injunction to have his vehical [sic] released from evidence locker" and "damages in the form of [$]2,500,000.00." *Id.* Additionally, Plaintiff stated, "[he] would ask for a motion to reopen case 3-17-cv-05360-RJB under 42 U.S.C. Section 1983 claims as part of, or in part or as attachment to or separate from this claim." *Id.* (Plaintiff also filed a motion to reopen in 17-5360 RJB, and this motion/statement shall be addressed in the Court's decision on that motion in that case). On August 2, 2017, *Terwilleger v. State of Washington, Department of Assigned Counsel, and Grays Harbor County Sheriff/Jail/Court,* Western District of Washington case number 17-5580 RJB was

ORDER DENYING APPLICATION TO PROCEED
IFP, DISMISSING CASE, AND STRIKING
APPLICATION FOR COURT APPOINTED
COUNSEL AND OTHER MOTION- 4

dismissed pursuant the *Younger v. Harris*, 401 U.S. 37 (1971) abstention doctrine, and as a mixed habeas corpus petition and conditions of confinement case. *Terwilleger v. State of Washington, Department of Assigned Counsel, and Grays Harbor County Sheriff/Jail/Court,* Western District of Washington case number 17-5580 RJB, Dkt. 2.

The day after the second case was filed, on July 28, 2017, Plaintiff filed a third case, *Terwilleger v. State of Washington, and Grays Harbor County,* Western District of Washington case number 17-5596 RJB. The proposed complaint in the third case asserted that on September 11, 2016, Plaintiff was arrested and detained at the Grays Harbor County jail "for 202 days with no waiver of rights." *Terwilleger v. State of Washington, and Grays Harbor County,* Western District of Washington case number 17-5596 RJB, Dkt. 1-1, at 3. Plaintiff maintained that he wrote the superior court several times that he did not want to waive his speedy trial rights, in Grays Harbor County, Washington Superior Court case number 16-1-408-6. *Terwilleger v. State of Washington, and Grays Harbor County,* Western District of Washington case number 17-5596 RJB, Dkt. 1-1, at 3. Plaintiff alleged that his lawyer, Ronnie Soriano Jr., moved the superior court to have his trial date continued to May 2, 2017, and the superior court granted the motion over his "concerns." *Terwilleger v. State of Washington, and Grays Harbor County,* Western District of Washington case number 17-5596 RJB, Dkt. 1-1, at 3. He stated that he was not released from pre-trial custody until March 31, 2017. *Terwilleger v. State of Washington, and Grays Harbor County,* Western District of Washington case number 17-5596 RJB, Dkt. 1-1, at 3. As relief, Plaintiff sought a "federal injunction to dismiss with prejudice" Grays Harbor County, Washington Superior Court case number 16-1-408-6, or a change of venue to a Pierce County, Washington Superior Court, King County, Washington Superior Court, or "if possible and perfered [sic] Federal District Court Tacoma." *Terwilleger v. State of Washington, and Grays*

*Harbor County,* Western District of Washington case number 17-5596 RJB, Dkt. 1-1, at 4. He sought damages. *Terwilleger v. State of Washington, and Grays Harbor County,* Western District of Washington case number 17-5596 RJB, Dkt. 1-1, at 3. Plaintiff was also denied IFP and this third case was dismissed *sua sponte*: to the extent Plaintiff's claims arose from ongoing state criminal proceedings those claims were dismissed based on the *Younger* abstention doctrine and to the extent Plaintiff was attempting to challenge prior convictions, those claims were dismissed because Plaintiff failed to allege that he was in custody or that he had exhausted his state court remedies. *Terwilleger v. State of Washington, and Grays Harbor County,* Western District of Washington case number 17-5596 RJB, Dkt. 4.

On August 2, 2017, the instant case was filed. Dkt. 1.

**Standard on Review of a Complaint**. Pursuant to Fed. R. Civ. P. 8 (a):

A pleading that states a claim for relief must contain:

>  (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
>  (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
>  (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

While the pleading standard under Rule 8 "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although pleadings drafted by a party proceeding *pro se* must be read more liberally than pleadings drafted by counsel, a *pro se* litigant is not excused from knowing the most basic pleading requirements. *See American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

***Sua Sponte* Dismissal.** A federal court may dismiss a case *sua sponte* pursuant to Fed. R. Civ. P. 12 (b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief"). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction. Jurisdiction is a threshold issue that must be raised *sua sponte*. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). A federal court must have subject matter jurisdiction, which can be established by either the existence of a federal question or complete diversity of citizenship of the parties. 28 U.S.C. § 1331 and 1332. A court is presumed to lack subject matter jurisdiction until a plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).

This case should be dismissed. To the extent that Plaintiff's proposed complaint attempts to raise issues related to criminal proceedings which are currently before Grays Harbor County, Washington Superior Court, there is no showing that this Court has jurisdiction over Plaintiff's claims. Moreover, as was the case in both *Terwilleger v. State of Washington, Department of Assigned Counsel, and Grays Harbor County Sheriff/Jail/Court,* Western District of Washington case number 17-5580 RJB and *Terwilleger v. State of Washington, and Grays Harbor County,* Western District of Washington case number 17-5596 RJB, this Court should abstain from intervening in those proceedings. Under principles of comity and federalism, a federal court

should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. *Younger v. Harris*, 401 U.S. 37 (1971); *Samuels v.Mackell*, 401 U.S. 66 (1971). *Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *Middlesex Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Criminal trials involve important state interests and Plaintiff has the opportunity to raise issues before the court in the criminal proceedings and on appeal in the state courts. There is no allegation that would indicate that special circumstances apply. Further, Plaintiff's damages claims appear to rest on a finding that his constitutional rights have been violated, and are not properly before the Court at this time. In light of the fact that criminal proceedings may be or are currently pending in superior court, this Court should abstain from interfering in those proceedings.

To the extent that Plaintiff is moving this Court to have Mr. Soriano disbarred or suspended, this Court does not have jurisdiction over such matters; attorney admissions, suspensions and disbarment are handled by the Washington State Bar Association and Washington State Supreme Court. *See generally* Washington State Admission to Practice Rules and Rules for Enforcement of Lawyer Conduct.

To the extent Plaintiff is attempting to raise issues related to prior convictions, as he was cautioned in an order in *Terwilleger v. State of Washington, et. al.*, Western District of Washington case number 17-5360 RJB, Dkt. 6, he should be mindful that "[t]he federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed." *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 (1968). If Plaintiff is not in custody, this court would not have jurisdiction to afford him relief under 28 U.S.C. § 2254, (*Carafas,* at

88), and the case would be dismissed. Furthermore, it is unclear whether Plaintiff has exhausted his state court remedies by raising his issues in the state courts first, as he is generally required to do before he can file a 28 U.S.C. § 2254 case in this court. 28 U.S.C. § 2254 (b). "[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000). Even though he has been told he must, Plaintiff has still failed to allege that he is in custody and that he appealed each of the grounds he attempts to raise in this case to the Washington State Court of Appeals and Washington State Supreme Court.

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).

This case should be dismissed and Plaintiff should not be given leave to amend. This is Plaintiff's fifth attempt at filing a complaint. Plaintiff still has not followed the directives of the Court in regard to the viability of the claims on the validity of current or past criminal proceedings. He should not be given leave to file a proposed amended complaint in this case because he has made five attempts, and further attempts would be futile.

**Decision on Application to Proceed IFP**. Based upon the above analysis of the deficiencies in the proposed complaint, the Court should deny Plaintiff's application to proceed *in forma pauperis*.

**Decision on Application for Court Appointed Counsel and Other Pending Motion**.

ORDER DENYING APPLICATION TO PROCEED
IFP, DISMISSING CASE, AND STRIKING
APPLICATION FOR COURT APPOINTED
COUNSEL AND OTHER MOTION- 9

Pursuant to the *Younger* abstention doctrine and Plaintiff's failure to establish that this Court has jurisdiction to consider his habeas corpus claims (to the extent he makes such claims) this case should be dismissed. Accordingly, the Application for Court Appointed Counsel (Dkt. 1-10) and other motion for service of process (Dkt. 1-11) should be stricken as moot.

**IFP on Appeal.** In the event that Plaintiff appeals this order, and/or appeals dismissal of this case, IFP status should be denied by this Court, without prejudice to Plaintiff to file with the Ninth Circuit U.S. Court of Appeals an application to proceed *in forma pauperis*.

**Future filings**. Other than a Notice of Appeal, any filings in this case in the future will be docketed by the Clerk but will not be acted upon by the Court.

## ORDER

Therefore, it is hereby **ORDERED** that:

- This case **IS DISMISSED**;

- Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 1) **IS DENIED**; and

- Application for Court Appointed Counsel (Dkt. 1-10) and motion for the service of process (Dkt. 1-11) **ARE STRICKEN AS MOOT**; and

- In the event that Plaintiff appeals this order, IFP status **IS DENIED** by this Court, without prejudice to Plaintiff to file with the Ninth Circuit U.S. Court of Appeals an application to proceed *in forma pauperis*. Other than a Notice of Appeal, any filings in this case in the future will be docketed by the Clerk but not acted upon by the Court.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at their last known address.

Dated this 9th day of August, 2017.

_____
ROBERT J. BRYAN
United States District Judge